**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-14005-CR-CANNON**

**UNITED STATES OF AMERICA**

**v.**

**ZACHARY S. SPIEGEL,**

**Defendant.**

_____/

## JOINT SUBMISSION OF PROPOSED JURY INSTRUCTIONS
## AND VERDICT FORM

Pursuant to Federal Rule of Criminal Procedure 30 and this Court's Omnibus Order Setting Criminal Trial, entered on February 9, 2022, the United States of America, by and through its undersigned Assistant United States Attorney, and counsel for the Defendant, Zachary S. Spiegel, hereby submit their Joint Proposed Jury Instructions and Joint Proposed Verdict Form.

Where the parties do not agree on a proposed jury instruction, the instruction is set forth in bold type. Instructions proposed only by the Government are underlined. Instructions proposed solely by the defense are italicized. Where these instructions quote Eleventh Circuit Pattern Jury Instructions (2021), the instruction number is included before the heading of the instruction. Where they are adapted or modified in the absence of a pattern instruction, case citations are added at the end of the instruction. Each instruction is set forth on a separate page.

1

It is further requested that the parties be allowed to propose such additional instructions as become appropriate based upon the trial testimony, and that they be informed prior to closing arguments which instructions the Court will accept and which it will decline.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:     *s/ Stacey Bergstrom*
        Stacey Bergstrom
        Assistant United States Attorney
        Court ID No. A5502614
        101 South U.S. Highway 1, Suite 3100
        Fort Pierce, Florida 34950
        Tel: (772) 293-0981
        Email: Stacey.Bergstrom@usdoj.gov


By:      */s/ L.D. Murrell, Jr.*
        L.D. Murrell, Jr., Esq.
        Counsel for the Defendant
        400 Executive Center Drive
        Suite 201 – Executive Center Plaza
        West Palm Beach, Florida 33401
        ldmpa@bellsouth.net

         */s/ Andrew B. Metcalf*
        Andrew B. Metcalf, Esq.
        Counsel for Defendant
        1245 20th Street
        P.O. Box 2618
        Vero Beach, Florida 32961
        la@eaglelaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 21, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via Notice of Electronic Filing generated by CM/ECF.

_/s/ Stacey Bergstrom_
STACEY BERGSTROM
ASSISTANT UNITED STATES ATTORNEY

PROPOSED JURY INSTRUCTION NO. 1

**B1**
**Face Page - Introduction**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-14005-CR-CANNON**

**UNITED STATES OF AMERICA**

**v.**

**ZACHARY S. SPIEGEL,**

    **Defendant.**
_____/

**COURT'S INSTRUCTIONS**
**TO THE JURY**

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

PROPOSED JURY INSTRUCTION NO. 2

**B2.1**
**The Duty to Follow Instructions And the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

PROPOSED JURY INSTRUCTION NO. 3

**B2.2**
**The Duty to Follow Instructions and the Presumption Of Innocence When a**
**Defendant Does Not Testify**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

PROPOSED JURY INSTRUCTION NO. 4

**B3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

1

PROPOSED JURY INSTRUCTION NO. 5

**B4**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

1

PROPOSED JURY INSTRUCTION NO. 6

**B5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

1

PROPOSED JURY INSTRUCTION NO. 7

**B6.1**
**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

PROPOSED JURY INSTRUCTION NO. 8

**B6.3**
**Impeachment of Witnesses Because of Inconsistent Statements (Defendant with**
**No Felony Conviction Testifies)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

## PROPOSED JURY INSTRUCTION NO. 9

### Uncalled Witnesses-Equally Available to Both Side[1]
(If Applicable)[2]

There are people whose names you heard during the course of the trial but did not testify. One or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusion as to what they would have testified to had they been called.

---

[1] Adapted from 1 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 6-7 Uncalled Witness Equally Available (2021). *See United States v. Esle,* 743 F.2d 1465, 1477-78 (11th Cir. 1984) *overruled on other grounds by United States v. Blankenship,* 382 F.3d 1110, 1122 n. 23 (11th Cir. 2004) (after defense argued that jury could draw a negative inference from prosecution's failure to call a certain witness, court properly instructed jury that "subpoena power is available to defendants…but you must bear in mind that the defendant has no burden of proof. The Government has the entire burden of proof."); *United States v. Vincent,* 648 F.2d 1046, 1051(5th Cir. 1981) (after defense argued that jury could draw a negative inference from prosecution's failure to call a certain witness, court properly "told the jury that the witness could have been called by either side, but that the defendant was not obliged to call any witness, as he could rely on his presumption of innocence should he choose to do so"; court also notes, "Generally, no unfavorable presumption may be drawn from the failure to call a witness that is equally available to both side.); *United States v. Chapman,* 435 F.2d 1245, 1247 (5th Cir. 1971) (court properly "told the jury that if there were any witnesses in the courtroom either the Government or the Defendant had the right to call them"; court also notes, "the long-standing rule in this circuit is that any inference from a party's failure to call a certain witness equally available to both parties is impermissible."); *United States v. Bahna,* 68 F.3d 19, 21-22 (2d Cir. 1995) (approving of the following instruction: "'There are several other persons whose names you have heard during [the]course of this trial and one or more of the attorneys have referred to their absence from this trial. Neither the defendant nor the government could benefit from the absence of such witnesses…because each side has an equal opportunity, or lack of opportunity, to have them testify. If either side had wanted any of them here, so far as the record shows, they had equal opportunity to get them and absence should not affect your judgment in passing on this case or in determining the guilt or innocence of the defendant. Bear in mind, of course, that the law never imposes upon the defendant in a criminal case the burden of producing or calling any witnesses or producing any evidence.'"). Courts in this district have given this instruction in *United States v. Fernandez,* Case No. 06-20322-CR-Altonaga(s) (DE 178:4), and *United States v. Pearson,* Case No. 17-80080-CR-Bloom (DE 143:5).

[2] The government recommends that the Court give this instruction only if the defense makes an argument at trial to which the instruction applies.

1

PROPOSED JURY INSTRUCTION NO. 10

**B7**
**Expert Witness**

When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about that matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

PROPOSED JURY INSTRUCTION NO. 11

**S5**
**Note-taking**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

1

PROPOSED JURY INSTRUCTION NO. 12

**B8**
**Introduction to Offense Instructions**

The indictment charges two separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Counts 1 and 2 charge the Defendant with attempted enticement of a minor to engage in sexual activity. I will explain the law governing these offenses in a moment.

PROPOSED JURY INSTRUCTION NO. 13

**B8.1**
**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the indictment may allege the multiple ways in the conjunctive, that is, by using the word "and." If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

PROPOSED JURY INSTRUCTION NO. 14

**O92.3**
**Attempted Enticement of a Minor**
**to Engage in Sexual Activity**
**18 U.S.C. § 2422(b)**

It's a Federal crime for anyone, using any facility or means of interstate or foreign commerce, including a cellular telephone or the Internet, to attempt to persuade, induce, or entice a minor to engage in any sexual activity for which any person could be charged with a criminal offense, even if the attempt fails.

The Defendant is charged in Counts 1 and 2 with attempting to commit the offense of enticement of a minor.

The Defendant can be found guilty of this crime only if all of the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly intended to persuade, induce, or entice an individual to engage in sexual activity, as charged;

(2) the Defendant used a cellular telephone or the Internet to do so;

(3) at the time, the Defendant believed that such individual was less than 18 years old;

(4) if the sexual activity had occurred, one or more of the individuals engaging in sexual activity could have been charged with a criminal offense under the law of Florida; and

(5) the Defendant took a substantial step towards committing the offense.

It is not necessary for the Government to prove that the intended victim was in fact less than 18 years of age; but it is necessary for the Government to prove that Defendant believed such individual to be under that age.

1

Also, it is not necessary for the Government to prove that the individual was actually persuaded, induced, or enticed to engage in sexual activity; but it is necessary for the Government to prove that the Defendant intended to cause agreement on the part of the individual to engage in some form of unlawful sexual activity and knowingly took some action that was a substantial step toward causing agreement on the part of the individual to engage in some form of unlawful sexual activity. A "substantial step" is an important action leading up to committing an offense – not just an inconsequential act. It must be more than simply preparing. It must be an act that would normally result in the persuasion, inducement, or enticement.

So, the Government must prove that if the intended sexual activity had occurred, one or more of the individuals engaging in the sexual activity could have been charged with a criminal offense under the laws of Florida. As a matter of law, lewd and lascivious battery under Florida law is defined in Florida Statute 800.04(4)(a) as follows:

> "A person commits lewd or lascivious battery by:
>
> (1) Engaging in sexual activity with a person 12 years of age or older but less than 16 years of age."

Under Florida law, "sexual activity" means the oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual activity does not include an act done for a bona fide medical purpose.

As used in this instruction, "induce" means to stimulate the occurrence of or to cause.

A cellular telephone and the Internet are facilities of interstate commerce.

*Annotations: See* Fl. Stat. 800.04(4)(a)(1) and 800.04(1)(a).

2

PROPOSED JURY INSTRUCTION NO. 15

**B9.2**
**On or About a Particular Date; Knowingly**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

PROPOSED JURY INSTRUCTION NO. 16

### S13.2
### Entrapment: Evaluating Conduct of Government Agents
(If Applicable)[3]

*"Entrapment" occurs when law enforcement officers or others under their direction persuade a defendant to commit a crime that the defendant had no previous intent to commit.*

*The Defendant has claimed to be a victim of entrapment regarding the charged offense.*

*The law forbids convicting an entrapped defendant.*

*But there is no entrapment when a defendant is willing to break the law and the Government merely provides what appears to be a favorable opportunity for the defendant to commit a crime.*

*For example, it's not entrapment for a Government agent to pretend to be someone else and offer – directly or through another person – to engage in an unlawful transaction.*

*You must not evaluate the conduct of Government officers or others under their direction to decide whether you approve of the conduct or think it was moral.*

*So a defendant isn't a victim of entrapment if you find beyond a reasonable doubt that the Government only offered the Defendant an opportunity to commit a crime the Defendant was already willing to commit.*

*But if there is a reasonable doubt about whether the Defendant was willing to commit the crime without the persuasion of a Government officer or a person under the Government's direction, then you must find the Defendant not guilty.*

---

[3] The defense recommends that the Court give this instruction only if an entrapment defense is supported by the evidence presented at trial. The Government has no objection to the substance of this instruction, but will address its applicability at the appropriate time.

PROPOSED JURY INSTRUCTION NO. 17

**B11**
**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

PROPOSED JURY INSTRUCTION NO. 18

**B10.2**
**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

PROPOSED JURY INSTRUCTION NO. 19

**B12**
**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-14005-CR-CANNON**

**UNITED STATES OF AMERICA**

                            **Plaintiff,**

**vs.**

**ZACHARY S. SPIEGEL,**

                            **Defendant.**

_____/

**<u>VERDICT FORM</u>**

WE, THE JURY, unanimously find the Defendant, **ZACHARY S. SPIEGEL,** as to:

          **<u>Count 1</u>**      (Attempted Enticement of a Minor to Engage in Sexual Activity)

                     _____  Guilty            _____  Not Guilty

          **<u>Count 2</u>**      (Attempted Enticement of a Minor to Engage in Sexual Activity)

                     _____  Guilty            _____  Not Guilty

SO SAY WE ALL.

_____       _____
Foreperson's Signature                       Foreperson's Printed Name

Date:

1