UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:  22-CR-14005-CANNON-MAYNARD

UNITED STATES OF AMERICA,

vs.


ZACHARY S. SPIEGEL,
          Defendant.
_____/

## DEFENDANT'S OBJECTION TO PSI

The Defendant, Zachary Spiegel, through undersigned counsel, hereby files this objection to the PSI. The Defendant has no objections to Parts B or C of the PSI.

### THE DEFENDANT OBJECTS TO AN ENHANCEMENT BASED ON ACQUITTED CONDUCT

In paragraph 36 of the PSI, the Defendant is given a five-point enhancement under §4.B1.5(b)(1) for engaging in a "pattern of activity involving prohibited sexual conduct on at least two separate occasions (attempted enticement of a minor on January 9, 2022, and attempted enticement of a minor on January 18, 2022)." These dates are the dates alleged in the Indictment as Count I and Count II. The jury acquitted Mr. Spiegel of Count II. It is a violation of the Defendant's rights under the Fifth and Sixth Amendments for that acquitted conduct to be used to enhance his sentence.

In explaining its decision to include this enhancement, the probation office referred to a Primer on Relevant Conduct published by the United States Sentencing Commission (USSC) in 2020.[1] The only discussion of acquitted conduct in that primer occurs on the last page under the heading: "May a court consider acquitted conduct or extraterritorial conduct when making a relevant conduct determination?" In answer to its own question the primer states: "The guidelines do not directly address 'acquitted conduct'. However, the Supreme Court has held that there is no constitutional barrier to considering such conduct if it otherwise meets the definition of relevant conduct and is demonstrated by a preponderance of the evidence. *See United States v. Watts*, 519 U.S. 149, 156-57 (1997); *United States v. Faust*, 456 F3d. 1342,1347 (11th Cir. 2006)."

This opinion by the USSC ignores or overlooks the specific holding of *Watts*. In *Watts*, the Supreme Court addressed the very narrow question of whether the Double Jeopardy Clause was violated when the district court considered acquitted conduct while sentencing the defendant under the guidelines. In *United States v. Booker*, 543 U.S. 220, 240 (2005) the Court held that *Watts* did not address whether the use of acquitted conduct generally violates the Sixth Amendment. Nor did *Watts* address whether such use violates the Due Process Clause of the Fifth Amendment.

---

[1] https://www.ussc.gov/sites/default/files/pdf/training/primers/2020_Primer_Relevant_Conduct.pdf

See *United States v. Lasley*, 832 F.3d 910, 920 (Eighth Cir. 2016) Judge Bright, dissenting.

The USSC also ignored or overlooked the implications of Supreme Court opinions issued since *Watts* was decided, including *Booker*, supra, *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (any fact that increases the penalty to which a defendant is exposed constitutes an element of the crime) and *Alleyne v. United States*, 133 S.Ct. 2151 (2013) (requiring that each element of a crime be either admitted by the defendant, or proved beyond a reasonable doubt.)

It is noteworthy that the USSC did not address the points made by Judge Rosemary Barkett in her concurring opinion in *Faust*. Bound by precedent, she concurred in the result but argued that "sentence enhancements based on acquitted conduct are unconstitutional under the Sixth Amendment, as well as the Due Process Clause of the Fifth Amendment." *Faust,* at 1342. She pointed out that *Watts* specifically did not address that issue and therefore "has no bearing on this case in light of the Court's more recent and relevant rulings in" *Apprendi, Ring v. Arizona*, 536 U.S. 584 (2002), *Blakely* and *Booker*.

Based on these later cases, Barkett wrote "it makes absolutely no sense to conclude that the Sixth Amendment is violated whenever facts essential to sentencing have been determined by a judge rather than a jury… and also conclude

3

that the fruits of the jury's efforts can be ignored by the judge in sentencing." *Faust* at 1342 citing *United States v. Pimental*, 367 F. Supp 2d. 143 (D. Mass. 2005).

Barkett is not alone in her criticism of the use of acquitted conduct to enhance a sentence. Many courts throughout the country have criticized the logic and practice of using acquitted conduct to enhance a sentence. See *Jones v. United States*, 135 S. Ct. 8 (2014) (Scalia, Thomas and Ginsburg dissenting from denial of cert.); *United States v. Bell*, 808 F.3d 926, 928-32 (D.C. Cir. 2015); *United States v. White*, 551 F.3d 381, 386-387 (6th Cir. 2008), *United States v. Mercado*, 474 F.3d 654, 658-660 (9th Cir. 2007), *United States v. Pimental*, 367 F.Supp 2d. 143, 149-155 (D. Mass 2005).

Even if an enhancement for acquitted conduct does not violate the Constitution, the case law is clear that such an enhancement is permissible, not mandatory. A trial court may enhance a sentence if it finds by a preponderance of the evidence that the conduct occurred. No case stands for the proposition that such an enhancement is mandatory.

However, by including this §4B1.5(b)(1) enhancement in the PSI, the probation office presents it as a mandatory enhancement similar to the enhancement for use of a computer under §2G1.3(a)(3). That is simply not the case. The sentencing guidelines nowhere address the use of acquitted conduct, let alone make such use mandatory. Presenting this enhancement in the PSI as if it is required is

4

misleading and inaccurate. The enhancement under §§4B1.5(b)(1) should be stricken.

## CONCLUSION

The enhancement under §4B1.5(b)(1) should not be applied. The correct Adjusted Offense Level should be level 30. This would result in a sentencing guideline range of 97 - 121 months.

Respectfully Submitted,

/s Donnie Murrell

_____
**DONNIE MURRELL, ESQ.**
**FLORIDA BAR NO: 326641**
400 Executive Center Drive
Suite 201—Executive Center Plaza
West Palm Beach, FL 33401
Telephone: 561.686.2700
Facsimile: 561.686.4567
Email: ldmpa@bellsouth.net

/s Andrew B. Metcalf

_____
**ANDREW B. METCALF, ESQ.**
**FLORIDA BAR NO: 0098590**
1245 20th Street
P.O. Box 2618
Vero Beach, FL 32961
Telephone: 772.569.1001
Facsimile: 772.569.1117
Email: la@eaglelaw.com
Attorneys for Defendant Spiegel

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 9th, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s Donnie Murrell*
_____
**DONNIE MURRELL, ESQ.**

## SERVICE LIST

**U.S.A. vs. ZACHARY S. SPIEGEL**
**CASE NO: 22-CR-14005-CANNON/MAYNARD**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Stacey Bergstrom, Esq.
Stacey.Bergstrom@usdoj.gov
Assistant United States Attorney
Southern District of Florida, Fort Pierce Division
101 South U.S. Highway 1, Suite 3100
Fort Pierce, FL 34950
Telephone: 772.293.0952
Attorney for Plaintiff, USA
Via Notice of Electronic Filing
Generated by CM/ECF