UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-14005-CANNON

UNITED STATES OF AMERICA

v.

ZACHARY S. SPIEGEL,
        Defendant.
_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S OBJECTION TO PSI [DE60]**

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully responds to the defendant's Objection to the Presentence Investigation Report (PSI) (DE60) and states as follows:

**DISCUSSION**

The Government submits that the guideline range applicable to the defendant, 168 to 210 months, has been correctly calculated by U.S. Probation. Pursuant to § 4B1.5(b)(1), a 5-level enhancement to the offense level applies when the defendant engaged in a pattern of activity involving prohibited sexual conduct. U.S.S.G. §4B1.5(b)(1). According to the relevant application notes, "the defendant engaged in a pattern of activity involving prohibited sexual conduct[1] if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." U.S.S.G. § 4B1.5 n.4(B)(i). The pattern enhancement does not require multiple victims; rather, repeated sexual offenses against the same minor can be considered. *See United States v. Fox*, 926 F.3d 1275, 1279 (11th Cir. 2019) ("The guideline's use of 'a minor' shows that repeated prohibited

---

[1] The phrase "prohibited sexual conduct" includes violations of 18 U.S.C. § 2422(b). U.S.S.G. § 4B1.5, n.4(A).

1

sexual conduct with a single victim may qualify as a 'pattern of activity' for purposes of § 4B1.5(b)(1)."). The application notes further instruct that "[a]n occasion of prohibited sexual conduct may be considered for purposes of subsection (b) without regard to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion." U.S.S.G. § 4B1.5 n.4(B)(ii). This enhancement does not require wholly unrelated occasions of prohibited sexual conduct enhancement, but rather applies to any "[m]ultiple, distinct instances of abuse—whether ongoing, related, or random[.]" *Fox*, 926 F.3d at 1280.

A. **Acquitted conduct may form a "pattern of activity" to which the 5-level enhancement applies**

In his Objection to the PSI, the defendant challenges the application of the "pattern of activity" enhancement and argues that the court's consideration of acquitted conduct to enhance his sentence would be unconstitutional. (DE60:3-4). However, the Eleventh Circuit has consistently held that "the sentencing court may consider any fact for which a defendant has been acquitted as long as the Government proves, by a preponderance of the evidence, the occurrence of that conduct and as long as the enhancement results in a sentence below the maximum statutory penalty authorized by the jury's verdict." *United States v. Maddox*, 803 F.3d 1215, 1220 (11th Cir. 2015) (citing *United States v. Faust*, 456 F.3d 1342, 1347-48 (11th Cir. 2006); *see also United States v. Carmona*, 685 F. App'x 875, 878 (11th Cir. 2017); *United States v. Duncan*, 400 F.3d 1297, 1304 (11th Cir. 2005) (quoting *United States v. Barakat*, 130 F.3d 1448, 1452 (11th Cir. 1997) ("Relevant conduct of which a defendant was acquitted nonetheless may be taken into account in sentencing for the offense of conviction, as long as the government proves the acquitted conduct relied upon by a preponderance of the evidence.")). This remains true in light of the

Supreme Court's holdings in *United States v. Watts*, 519 U.S. 148 (1997), and *United States v. Booker*, 543 U.S. 220 (2005). As the Eleventh Circuit in *Duncan* explained:

> In *United States v. Watts*, the Supreme Court held that the Double Jeopardy clause permitted a court to consider acquitted conduct in sentencing a defendant under the Guidelines because "consideration of information about the defendant's character at sentencing does not result in 'punishment' for any offense other than the one of which the defendant was convicted." 519 U.S. 148, 155, 117 S.Ct. 633, 636, 136 L.Ed.2d 554 (1997) (citing *Witte v. United States*, 515 U.S. 389, 401, 115 S.Ct. 2199, 2207, 132 L.Ed.2d 351 (1995)). *Booker* does not suggest that the consideration of acquitted conduct violates the Sixth Amendment as long as the judge does not impose a sentence that exceeds what is authorized by the jury verdict. Thus, nothing in *Booker* erodes our binding precedent. *Booker* suggests that sentencing judges can continue to consider relevant acquitted conduct when applying the Guidelines in an advisory manner, "[f]or when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *Booker*, 125 S.Ct. at 750.

400 F.3d at 1304-1305; *see also United States v. Clay*, 483 F.3d 739, 744 (11th Cir. 2007) ("The Supreme Court has hinted at the possibility [that an enhancement based on acquitted conduct may increase a defendant's sentence so much as to violate due process], but has never identified a case in which those extreme circumstances exist, and neither has this Court.").

In so holding, the Eleventh Circuit recognizes that "an acquittal does not mean that the defendant is innocent of any particular aspect of the charged criminal conduct; it simply means that the Government failed to prove the defendant guilty beyond a reasonable doubt of the charged offense." *Maddox*, 803 F.3d at 1221. Further, "because 'it is impossible to know exactly why a jury found a defendant not guilty on a certain charge,' a jury cannot be said to have necessarily rejected any particular fact when it returns a general verdict of not guilty." *Maddox*, 803 F.3d at 1221 (quoting *Watts*, 519 U.S. at 155). In this case, because the guideline range resulting from the application of the § 4B1.5 enhancement, 168 to 210 months, is well below the statutory maximum

3

sentence of life, the Court may consider the defendant's acquitted conduct in determining whether the defendant engaged in a pattern of activity involving prohibit sexual conduct.

**B.     A preponderance of the evidence admitted at trial demonstrates that the defendant engaged in prohibit sexual conduct on at least two separate occasions**

Probation properly included the § 4B1.5(b) enhancement in its calculations of the defendant's guideline range in the present case, as the defendant engaged in prohibited sexual conduct on two separate occasions. The defendant was convicted of committing the first of these instances: the January 9, 2022, attempted enticement charged in Count 1 of the Indictment. (DE47). The Application Notes to § 4B1.5(b)(1) make it clear that the conduct underlying the offense of conviction may provide the pattern of activity covered by the enhancement. *See* § 4B1.5(b)(1) cmt. n. 4(B)(ii); *United States v. Fox*, 926 F.3d 1275, 1281 (11th Cir. 2019) ("[A] defendant's underlying criminal conviction alone can serve as the basis for an enhancement under § 4B1.5(b)(1), provided that the underlying conviction involves separate occasions of prohibited sexual conduct.").

And, although the jury ultimately acquitted the defendant of Count 2 of the Indictment, the government's proof at trial established by at least a preponderance of the evidence that the defendant engaged in a separate occasion of prohibited sexual conduct, namely the attempted enticement of a minor on January 18, 2022. There was no dispute at trial that the defendant was the individual communicating with Shayla via Whisper chat and text message between January 9, 2022, and January 20, 2022; in fact, the defendant stipulated to as much. (GX1). Those Whisper chats and text messages, admitted at trial without objection as Government's Exhibit 14, demonstrate the defendant's attempt to entice Shayla to meet with him for sex on January 18, 2022. Specifically, the messages show that when Special Agent Brian Ray, then posing in an undercover capacity as the 14-year-old Shayla, reached back to the defendant on January 18, 2022, the

defendant immediately responded by asking Shalya if she still wanted to see him. (GX14:33-34). When Shayla asked the defendant what he wanted, the defendant responded, "Take care of my needs baby girl[. S]how daddy how good you can suck dick." (GX14:37-38). The defendant then took steps to assure Shayla that he was not "catfishing" her and was serious about meeting with her, including sending her additional photographs of his face and erect penis. (GX14:50-51; GX15; GX16). The defendant then asked Shayla if she wanted to "suck" or "ride" his penis and, when Shayla expressed concerns about pregnancy, he assured her that he would be satisfied just receiving oral sex from her. (GX14: 55-57). At numerous points throughout the conversation, the defendant asked Shayla to prove that she was real by sending him additional photographs of herself. (GX14:44-49, 58-66).

Then, at 3:22 p.m. on January 18, 2022, the defendant began setting concrete plans to meet with Shayla the following day. (GX14:68). He asked Shayla, "What are you doing tomorrow," and asked whether he should "just pick [her] up at [her] place," before settling on meeting her at a nearby public park. (GX14:68-71). After engaging in a lengthy discussion of Shayla's prior masturbation experiences, the defendant asked her, "Do you wanna know how daddy's dick feels inside you??" (GX14:85). Shayla then explained that she had a window of time to meet the defendant the following day between 11 a.m. and 6 p.m., and the defendant responded, "Maybe we can meet at the park tomorrow around noon, and just chat. Make sure we click. See where things go. If we end up in my car fooling around. Then okay." (GX14:86-87). The defendant then continued to discuss the various sex acts he wanted to perform with Shayla at their meeting, asking her, "How badly do you wanna suck my cock?" and "You want me to finger you or eat it?" (GX14:88, 90). He also suggests that Shayla to wear "a skirt with no panties" to their meeting, presumably to make the sex acts easier to perform in his vehicle without detection. (GX14:91).

Once the meeting was set, the defendant sent Shayla another photograph of his erect penis. (GX14:94; GX17).

In denying the defendant's motion for judgment of acquittal at the close of the government's evidence, this Court held that the evidence was sufficient to sustain a conviction as to both counts of the Indictment (DE43). These same facts are sufficient to prove, by a preponderance of the evidence, that the defendant engaged in a pattern of activity involving prohibited sexual conduct for the purposes of the § 4B1.5(b)(1) enhancement. Therefore, Probation correctly calculated the defendant's guideline range to be 168 to 210 months.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court overrule the defendant's objection to the PSI and adopt the guideline range as calculated by Probation, 168 to 210 months.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:  */s/ Stacey Bergstrom*
Assistant United States Attorney
Court ID No. A5502614
101 South U.S. 1, Suite 3100
Fort Pierce, Florida 34950
Telephone: (772) 466-0899
E-mail: stacey.bergstrom@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 17, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified.

*s/Stacey Bergstrom*
Stacey Bergstrom A5502614
Assistant United States Attorney

## SERVICE LIST
United States v. Zachary S. Spiegel
Case No. 22-CR-14005-AMC
United States District Court
Southern District of Florida

| Party | Counsel |
|---|---|
| Plaintiff:<br>United States | Stacey Bergstrom A5502614<br>Assistant United States Attorney<br>101 South US Highway 1, Suite 3100<br>Fort Pierce, Florida 34950<br>Email: Stacey.Bergstrom@usdoj.gov<br>**via Notice of Electronic Filing generated by CM/ECF** |
| Defendant:<br>Zachary S. Spiegel | Donnie Murrell, Esq.<br>400 Executive Center Drive<br>Suite 201 – Executive Center Plaza<br>West Palm Beach, Florida 33401<br>Email: ldmpa@bellsouth.net<br><br>Andrew B. Metcalf, Esq.<br>1245 20th Street<br>P.O. Box 2618<br>Vero Beach, Florida 32961<br>Email: la@eaglelaw.com<br><br>**via Notice of Electronic Filing generated by CM/ECF** |