UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-14005-CANNON(HUCK)

UNITED STATES OF AMERICA,

   vs.

ZACHARY S. SPIEGEL,

   Defendant.
_____/

## ORDER ON MOTION FOR POST-VERDICT JUDGMENT OF ACQUITTAL

**THIS MATTER** is before the Court upon Defendant Zachary S. Spiegel's Motion for Post-Verdict Judgment of Acquittal [ECF No. 56], filed April 8, 2022. The United States filed its Response in Opposition [ECF No. 57] on April 22, 2022. The Court held a telephonic hearing on the Motion on May 11, 2022. *See* [ECF No. 61].[1] The Court has carefully considered the parties' briefing, their arguments at the hearing, the record, and applicable law. For the reasons set forth below, the Court **DENIES** the Motion.

## BACKGROUND

Spiegel was charged with two counts of attempting to induce, entice, or persuade a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b). *See* [ECF No. 13]. On March 29, 2022, a jury found Spiegel guilty as to Count One, but not guilty as to Count Two. *See* [ECF No. 47]. The Court entered a Judgment of Acquittal as to Count Two [ECF No. 52] on March 30, 2022. Pursuant to Fed. R. Crim. P. 29(c), Spiegel now moves for a Post-Verdict Judgement of Acquittal as to Count One. *See generally* Mot.

---

[1] The Court adopts its analysis as stated at the hearing, and incorporates that analysis as part of this Order.

## ANALYSIS

At the outset, the Court notes that in analyzing a motion for post-verdict acquittal, the Court must "resolv[e] all reasonable inferences in favor of the verdict" and "cannot disturb the verdict 'unless no trier of fact could have found guilt beyond a reasonable doubt.'" *United States v. Yost*, 479 F.3d 815, 818–19 (11th Cir. 2007) (quoting *United States v. Lyons*, 53 F.3d 1198, 1202 (11th Cir. 1995)). To support a conviction under section 2422(b), the Government must have proved (i) that Spiegel acted with the specific intent to persuade or induce a minor to engage in unlawful sex and (ii) that Spiegel took some substantial step toward the commission of the crime. *Yost*, 479 F.3d at 819; *see also United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004). Significantly, the "underlying proscribed criminal conduct" in section 2422(b) is the "persuasion, inducement, enticement, or coercion of the minor rather than the sex act itself." *Yost*, 479 F.3d at 819 n.3. Thus, the Government need not prove that Spiegel acted with specific intent to engage in sexual activity. *See id.* (citing *Murrell*, 368 F.3d at 1286).

Spiegel first argues that he lacked the specific intent to induce a minor because he did not learn the minor's age until he had already asked about sex, and after finding out, Spiegel indicated that it "could be a problem." *See* Mot. at 5. Spiegel focuses too closely on the minor's age, however. As the court in *Murrell* made clear, the Government must show that Spiegel acted with specific intent only as to inducing the minor to engage in unlawful sex. 368 F.3d at 1286. Hence, it is the inducement of a minor, rather than the sex act itself, that is the underlying criminal conduct. *See id.* Said another way, the specific-intent requirement focuses only on the intent to induce the minor to commit a sexual act, not the intent of the defendant to actually commit the sexual act.

Moreover, Spiegel's argument is not supported by the record. After discovering the

minor's age, Spiegel did not cease communications—rather, he sent sexually explicit messages, a photograph of his penis, and repeatedly asked the minor to send him more photos. Further, Spiegel made specific arrangements to pick the minor up at the theater to engage in sexual relations. Thus, although Spiegel did not physically engage with a minor, his conduct falls precisely within the meaning of attempted "inducement" as interpreted by the Eleventh Circuit. *See id.* at 1287 (defining "induce" as "to stimulate" or "cause" a minor to engage in sexual activity). Accordingly, there was sufficient evidence for a reasonable jury to find that Spiegel specifically intended to induce a minor to engage in prohibited sexual activity.

Spiegel second argues that because he did not physically travel to the theater to pick up the minor, he did not commit a substantial step in furtherance of the crime. *See* Mot. at 8. However, this argument lacks merit because not only is travel to meet with the minor unnecessary to support a conviction under section 2422(b), but the content of Spiegel's messages is nearly identical to cases where the Eleventh Circuit has held that the contents of a defendant's messages constituted a substantial step toward the sexual inducement of a minor.

While travel is not required, the defendant's actions must have crossed the line from "mere talk" to inducement. *See, e.g.*, *Yost*, 479 F.3d at 820 (affirming the defendant's conviction because he chatted online with a 13-year-old girl, called her on the phone, made arrangements to meet her, and posted pictures of his genitalia online); *United States v. Lee*, 603 F.3d 904, 917 (11th Cir. 2010) (finding a substantial step was taken when the defendant sent graphic photographs to the girls, explicitly discussed how he would complete the sexual acts, and requested assistance from their mother). Likewise, in the present case, the content of Spiegel's messages unambiguously crosses the line from "mere talk" to inducement. After conveying graphic messages describing the sexual acts that he would perform on the minor, Spiegel sent a

3

photograph of his penis. And Spiegel's conduct did not end there. He repeatedly requested photos of the minor, asked for her phone number, and made specific arrangements to pick her up at the theater that night. "[Spiegel] crossed the line from harmless banter to inducement the moment he began making arrangements to meet the minor, notwithstanding the lack of evidence that he traveled to the supposed meeting place." *Yost*, 479 F.3d at 820 (quoting *United States v. Thomas*, 410 F.3d 1235, 1246 (10th Cir. 2005)) (quotation and alteration omitted). At bottom, given the "totality of [Spiegel's] actions," *see Yost*, 479 F.3d at 820, a reasonable jury could have found—and did in fact find—that Spiegel took a substantial step toward inducing or persuading a minor to engage in prohibited sexual activity.

## CONCLUSION

There was sufficient evidence for a reasonable jury to convict Spiegel of Count One under 18 U.S.C. § 2422(b). Therefore, it is hereby **ORDERED and ADJUDGED** that the Motion [ECF No. 56] is **DENIED**.

**DONE and ORDERED** in Ft. Pierce, Florida, on June 13, 2022.

_____
PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

Copies furnished to:
The Honorable Aileen M. Cannon
Counsel of Record